Brian Murphy
Lindsay Stone
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
bmurphy@sheppardmullin.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PATRICK  RANKINE,  individually  and  on  behalf
of all others similarly situated,

                    Plaintiff,

              v.

LEVI STRAUSS & CO.,[1]

                    Defendant.

------------------------------------------------------------- x

Civil Action No. 1:22-cv-03362-VSB-SDA

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT OR STAY PROCEEDINGS**

---

[1]      Levi's Only Stores, Inc. is the name of the proper corporate entity.

## TABLE OF CONTENTS

**Page**

ARGUMENT ....................................................................................................................1

I.      Plaintiff's Threadbare Allegations Of An Injury Are insufficient To Confer Article III Standing ....................................................................................................1

II.     Plaintiff Fails To State A Claim For Relief Because §191 Does Not Provide A Private Right Of Action & This Court Is Not Bound To Follow *Vega* ..............................5

III.    Plaintiff Has Not Plausibly Alleged He Was A Manual Worker........................................9

IV.     The Court Should Alternatively Stay All Proceedings ......................................................9

CONCLUSION.................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Acosta v. Lorelei Events Grp.*
   2022 WL 195514 (S.D.N.Y. Jan. 21, 2022) ...........................................................5

*Adler v. Penn Credit Corp.*
   2022 WL 744031 (S.D.N.Y. Mar. 11, 2022) .......................................................2, 4

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ...............................................................................................2

*Belizaire v. RAV Inv. & Sec. Servs., Ltd.*
   61 F. Supp. 3d 336 (S.D.N.Y. 2014) ......................................................................6

*Caul v. Petco Animal Supplies, Inc.*
   2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) ..................................................9, 10

*Ciccone v. Cavalry Portfolio Servs.*
   2021 WL 5591725 (E.D.N.Y. No. 29, 2021) ..........................................................4

*Coly v. Vanguard Urban Improvement Ass'n, Inc.*
   2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018) .........................................................6

*Elhassa v. Hallmark Aviation Servs., L.P.*
   2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ...........................................................8

*Epstein v. JPMorgan Chase & Co.*
   2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014) .........................................................2

*Grant v. Global Aircraft Dispatch*
   2021 WL 67777500 (Queens Cnty. Sup. Ct. Apr. 20, 2021)....................6, 9, 10, 11

*Green v. Forster & Garbus*
   2022 WL 939743 (E.D.N.Y. Mar. 29, 2022) .......................................................4, 5

*Harty v. West Point Realty*
   -- F.4th --, 2022 WL 818685 (2d Cir. Mar. 18, 2022) ............................................3

*Hunter v. Planned Building Servs., Inc.*
   2018 N.Y. Slip. Op. 3154(U), 2018 WL 3392476 (Queens Cy. Sup. Ct.) ...............6

*Hussain v. Pakistan Int'l Airlines Corp.*
   2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ..........................................................6

*Jones v. Nike Retail Svcs. Inc.*
  2022 WL 4007056 (E.D.N.Y. Aug. 30, 2022).............................................................4

*Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of the Treasury*
  773 F.3d 243 (11th Cir. 2014) ...............................................................................2

*Konkur v. Utica Academy of Science Charter Sch.*
  38 N.Y.3d 38 (2022). (Pl. Opp. 19) .......................................................................8

*Kruty v. Max Finkelstein, Inc.*
  119 N.Y.S.3d 831 (Suffolk Cy. 2019) ....................................................................6

*Mabe v. Wal-Mart Assocs., Inc.*
  2022 WL 874311 (N.D.N.Y. Mar. 24, 2022) .........................................8, 9, 10, 11

*Maddox v. Bank of New York Mellon Trust Co.*
  19 F.4th 58 (2d Cir. 2021) ..................................................................................3, 4

*Porsch v. LLR, Inc.*
  380 F. Supp. 3d 418 (S.D.N.Y. 2019).....................................................................2

*Rath v. Jo-Ann Stores, LLC*
  2022 WL 3701163 (W.D.N.Y. Aug. 26, 2022) .......................................................2

*Rosario v. Icon Burger Acquisition LLC*
  2022 WL 198503 (E.D.N.Y. Jan 21, 2022) ..........................................................1, 2

*Rovi Guides, Inc. v. Comcast Corp.*
  2017 WL 4876305 (S.D.N.Y. Oct. 27, 2017)........................................................10

*Spokeo Inc. v. Robins*
  579 U.S. 330 (2016)................................................................................................3

*Summers v. Earth Island Inst.*
  555 U.S. 488 (2009)................................................................................................5

*Taylor v. Fed. Aviation Admin.*
  351 F. Supp. 3d 97 (D.D.C. 2018).........................................................................2

*Thole v. U.S. Bank*
  -- U.S. --, 140 S. Ct. 1615 (2020) .........................................................................3

*TransUnion LLC v. Ramirez*
  141 S. Ct. 2190 (2021).....................................................................................3, 4, 5

*United States v. Town of Oyster Bay*
  66 F. Supp. 3d 285 (E.D.N.Y. 2014) ...................................................................10

*Vega v. CM & Associates Construction Management, LLC*
    107 N.Y.S.3d 286 (1st Dep't 2019) ..........................................................................5, 6, 7, 8, 9

*Warth v. Seldin*
    422 U.S. 490 (1975)...........................................................................................................2

*Zivkovic v. Laura Christy, LLC*
    2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022) ........................................................5

Statutes

N.Y. Lab. Law § 191 ........................................................................................................ *passim*

Defendant Levi's Only Stores, Inc. ("Defendant" or "Levi's," improperly designated as "Levi Strauss & Co."), by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint of Plaintiff Patrick Rankine ("Plaintiff"), or For a Stay of Proceedings.

## ARGUMENT

### I. PLAINTIFF'S THREADBARE ALLEGATIONS OF AN INJURY ARE INSUFFICIENT TO CONFER ARTICLE III STANDING

The entirety of Plaintiff's effort to allege an injury is that "he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies…[such that] he last the time value of that money."  (Am. Compl. ¶ 11).  Plaintiff seeks to excuse the paucity of detail by reference to other cases non-precedential cases finding the lost "time value" of money to satisfy the harm requirement.  (Pl. Opp.  1-5).

However, Plaintiff presents only half of the authority, as there is significant disagreement in this Circuit and beyond about whether the lost time value of money constitutes a sufficient injury under Article III.  Indeed, just weeks ago, the Western District of New York approvingly cited *Rosario v. Icon Burger Acquisition LLC*, 2022 WL 198503 (E.D.N.Y. Jan 21, 2022) – cited by Levi's and barely addressed by Plaintiff[2] – in holding that vague references to the loss of time value of money is insufficient:

> Plaintiff needs to state his loss of money or time value due to the delayed payment…Rath does not explicitly allege, however, any loss in the time value of those unpaid weekly wages or loss of interest from what she perceived as late paid salary.  She does not claim, for example, that she would have invested her weekly salary had she been paid in a proper manner.  Thus, what is left unstated is how Plaintiff was harmed by the up to one week delay while being paid weekly.  Rath's present allegation is incomplete to allege harm to satisfy standing requirements.

---

[2]    Plaintiff contends that *Rosario* involved different allegations of harm.  However, the Second Amended Complaint in *Rosario,* which includes the identical allegations of lost time value of money as set forth here, is currently subject to another motion to dismiss.  *See* Case No. 21-CV-4313, at ECF No. 32 (E.D.N.Y. Mar. 21, 2022).

*Rath v. Jo-Ann Stores, LLC*, 2022 WL 3701163 (W.D.N.Y. Aug. 26, 2022). This view squares with prevailing thought. *See, e.g.*, *Adler v. Penn Credit Corp.,* 2022 WL 744031, at *7, 10 (S.D.N.Y. Mar. 11, 2022) (a plaintiff claiming lost use of money-type injuries must allege what "specific plans [he had] to invest his money"); *Epstein v. JPMorgan Chase & Co.*, 2014 WL 1133567, at *7 (S.D.N.Y. Mar. 21, 2014) (holding that a time value of money claim would, at most, demonstrate that [a p]laintiff was inconvenienced," and would "be far too slender a reed on which to premise Article III standing" given that such an alleged injury "would rest on pure speculation"); *Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) (concluding "lost time value of money" is "an injury that is too abstract and indefinite to confer Article III standing"); *Taylor v. Fed. Aviation Admin.*, 351 F. Supp. 3d 97, 103 (D.D.C. 2018) (collecting cases, and questioning whether "the lost time value of money" can be considered "a cognizable constitutional injury" for Article III purposes).[3]

More importantly, Levi's respectfully submits that the handful of cases cited by Plaintiff holding a perfunctory allegation of harm in the form of lost time value of money to be sufficient cannot be reconciled with United States Supreme Court and Second Circuit authority. "A plaintiff must plead enough facts to make it plausible that he did indeed suffer the sort of injury that would entitle him to relief." *Rosario*, 2022 WL 198503, at *3. The Supreme Court has repeatedly made it clear that a failure to offer sufficiently concrete allegations of injury cannot "nudge" claims "across the line from conceivable to plausible" and must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009*); see also Warth v. Seldin*, 422 U.S. 490, 508 (1975) (explaining that a plaintiff "must allege specific, concrete facts demonstrating [how the] challenged practices harm[ed] him,"

---

[3]    Plaintiff's intra-Circuit citations concede that "[n]either the Second Circuit nor the Supreme Court have directly addressed whether loss of the time value of money is a sufficient injury in fact to establish Article III standing." *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 (S.D.N.Y. 2019).

and "[a]bsent the necessary allegations of demonstrable, particularized injury," a complaint should be dismissed); *Thole v. U.S. Bank*, -- U.S. --, 140 S. Ct. 1615, 1622 (2020) (affirming dismissal of complaint because the plaintiffs "did not plausibly and clearly claim" what injury in fact they suffered).

Plaintiff's hypothetical and conclusory allegation of harm is merely the sort of "nebulous risk of" potential harm that the Second Circuit holds cannot "form the basis of Article III standing" because such allegations simply describe various potential injuries that might have arisen, but which were not specifically alleged to have occurred, with respect to any one particular plaintiff.[4] *Maddox v. Bank of New York Mellon Trust Co.*, 19 F.4th 58, 65 (2d Cir. 2021).  After all, the Supreme Court has recognized that some statutory violations "may result in no harm," *Spokeo Inc. v. Robins*, 579 U.S. 330, 342 (2016), and where there is no "concrete harm" there is "no standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021).  Listing a range of potential past harms is not the equivalent of alleging "an injury in fact [that is] both concrete and particularized." *Spokeo*, 579 U.S. at 340; *accord Harty v. West Point Realty*, -- F.4th --, 2022 WL 818685, at *4 (2d Cir. Mar. 18, 2022) (such potential injuries only become "actual" and "imminent" when accompanied by a "description of [the] concrete plans" the plaintiff planned to take).

Plaintiff attempts to avoid *Maddox* and *TransUnion* by contending that the holdings of each were limited to the specific type of claim and harm in each case: in *TransUnion*, credit files with misleading information, and in *Maddox*, a delay in recording mortgage satisfactions.  (Pl. Opp. 5-6).  In Plaintiff's view, the lost time-value of money occupies some rarified air.  But there is nothing in either opinion that is so limiting and each counsel district courts to rigorously examine

---

[4]      To be sure, the converse could be true: a plaintiff could have immediately lost the money for some reason, such as gambling or a foray into crypto investment, such that the failure of an employer to pay on a weekly basis avoided a harm.

allegations of harm for standing purposes in claims, like here, alleging statutory violations alone. *See, e.g., Ciccone v. Cavalry Portfolio Servs.*, 2021 WL 5591725, at *3 (E.D.N.Y. No. 29, 2021) (noting that *TransUnion* "substantially and materially change[s] a district court's analysis of Article III standing in statutory" claim cases).

Accordingly, while the loss of the time value of money may constitute an injury in a general sense, such a theory of injury must be accompanied by allegations of what specific and concrete plans a plaintiff had for the delayed funds.  Plaintiff offers no allegations of what he would have done with the funds, but instead, lists the theoretical opportunities that may have been available. (FAC ¶ 11).  Absent allegations articulating how he was actually deprived of use of the funds, Plaintiff cannot plausibly establish an Article III injury-in-fact.  *See, e.g., Adler*, 2022 WL 744031, at *7) ("District courts in the Second Circuit applying *TransUnion* and *Maddox*, tellingly, demand concrete examples of harm."); *Green v. Forster & Garbus*, 2022 WL 939743, at *3 (E.D.N.Y. Mar. 29, 2022) ("It is impermissible for courts to rely on the conclusion that any violation of a given statute automatically establishes standing absent a more *searching* analysis of the injury").[5]

As a final matter, Plaintiff attempts to excuse his deficient harm allegations by contending that the legislative intent behind Sections 191 and 198 "evinces an understanding….that manual workers are concretely injured when they receive payment in an untimely fashion."  (Pl. Opp. 7). Aside from being unsupported by citation and appearing to consist solely of the musings of Counsel, the Eastern District recently explained that a legislative body's "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III."  *Green*,

---

[5]      Plaintiff submitted a Notice of Supplemental Authority concerning *Jones v. Nike Retail Svcs. Inc.*, 2022 WL 4007056 (E.D.N.Y. Aug. 30, 2022) and contended that it supports his standing argument.  (Docket No. 29).  However, the *Nike* Court did not refer to *Maddox* or *TransUnion*.

2022 WL 939743, at *3 (quotation omitted).  Thus, while a legislative body "may enact legal prohibitions and obligations," it is well-established that "an injury in law is not an injury in fact." *TransUnion*, 141 S. Ct. at 2205. This is because no legislative body can grant jurisdiction more expansively than Article III allows.  *See Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[I]njury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.").

For each of these reasons, the First Amended Complaint should be dismissed.

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF BECAUSE §191 DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION & THIS COURT IS NOT BOUND TO FOLLOW *VEGA*

Plaintiff contends the Court has no choice but to follow *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019) and hold that Section 191 authorizes a private right of action.  (Pl. Opp. 7-12).  Plaintiff's fealty to *Vega* is understandable given his interests, but it is not required of this Court as it is unlikely the New York Court of Appeals would agree with the decision.  *See Zivkovic v. Laura Christy, LLC*, 2022 U.S. Dist. LEXIS 94839, at *13 (S.D.N.Y. May 26, 2022) (noting permissibility of rejecting First Department decision if Court of Appeals would likely disagree).

To begin, Plaintiff states "at least 13 courts have adopted [*Vega's*] holding, and zero…have disagreed with its ruling."  (Pl. Opp. 8).  Levi's acknowledges that the majority of courts have adopted *Vega's* holding, but Plaintiff's proclamation is too strong.  At least one federal court recently suggested the NYLL does not provide a remedy for late-but-full wage payments.  *See Acosta v. Lorelei Events Grp.*, 2022 WL 195514, at *4 (S.D.N.Y. Jan. 21, 2022) (noting that while the FLSA provides a cause of action for late paid wages, "the NYLL does not appear to provide a similar remedy.").  State courts outside of the First Department also continue to question whether

Section 191 affords a private right of action. *See, e.g., Grant v. Global Aircraft Dispatch*, No. 720074/2019, 2021 WL 67777500, at *3 (Queens Cnty. Sup. Ct. Apr. 20, 2021).[6]

Moreover, Plaintiff attempts to rewrite the pre-*Vega* litigation landscape as freely endorsing a private right of action under Section 191 to posit that *Vega* was not an anomaly. (Pl. Opp. 10-11). To the contrary, numerous courts rejected claims on the grounds of an absence of a private right of action prior to *Vega*. *See, e.g., Hussain v. Pakistan Int'l Airlines Corp.*, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012); *Belizaire v. RAV Inv. & Sec. Servs., Ltd.*, 61 F. Supp. 3d 336 (S.D.N.Y. 2014); *Coly v. Vanguard Urban Improvement Ass'n, Inc.*, 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018); *Kruty v. Max Finkelstein, Inc.*, 119 N.Y.S.3d 831 (Suffolk Cy. 2019); *Hunter v. Planned Building Servs., Inc.*, 2018 N.Y. Slip. Op. 3154(U), 2018 WL 3392476 (Queens Cy. Sup. Ct.).[7]

Plaintiff also attempts to portray *Vega* and a private right of action as the natural outcome of the legislative history behind Sections 191 and 198 in an effort to shield it from critique. (Pl. Opp. 14-17). Plaintiff overstates his authority. Plaintiff contends that Section 191 claims are prosecutable because the legislative history concerning Section 191 introduced it as "relating to the payment of wages," (Pl. Opp. 14 (citing Kopel Decl. Ex. 3 at pp. 4 of 12), and the legislative history concerning Section 198 introduced it as "assist[ing] the enforcement of the wage payment…laws," (Pl. Opp. 14 (citing Kopel Decl. Ex. 4 at pp. 6 of 16)). Plaintiff's effort to create a legislative collage to serve his argument cannot overcome, however, the express statement of the purpose of the bill establishing Section 198: to provide a remedy against employers who "failed to

---

[6]     Plaintiff faults Levi's reference to Grant on the grounds that "did not consider Vega." (Pl. Opp. 10). However, the plaintiff cited *Vega* to the Supreme Court in its brief in opposition to the successful motion to dismiss.

[7]     Judge Brown in the Eastern District recently invited briefing on whether a private right of action exists under NYLL § 191. *See* Kopel Ex. 1, at pp. 13 of 28 ("I'm going to say to you all is I'm going to need you to brief that one for sure. Right? Because we've got to look at that.").

pay wages" or "failed to pay the minimum wage" because, at that time, there was a damages cap of $50 for "the non-payment of wages and under-payment of wages."  Mem. of Indus. Comm'r, Bill Jacket, L. 1967, ch. 310 , 2 (N.Y.).  There is nothing tethering the legislative history of Section 191 (1966) to the legislative history of Section 198 (1967) in the manner Plaintiff suggests, much less anything to suggest that the Legislature intended Section 198 to impose a penalty on employers that paid wages in full, but did so on a biweekly rather than weekly pay cycle.

So too, Plaintiff contends that the New York Department of Labor ("NYDOL") has already held that a private right of action to enforce Section 191 exists, and that *Vega* merely followed along. (Pl. Opp. 17-18).  The opinion Plaintiff cites concerns whether an employer can require an employee to "sign off" on his or her time entries.  Kopel Decl. Ex. 5 (RO-10-0003).  The NYDOL simply held that signing a timesheet does not "prevent an employee from filing a complaint with this Department or bringing an action for a violation of that or any other section of the Labor Law." *Id.*  For Plaintiff to contend that this was an "explicit holding that a private right of action exists" and that it is the "view of [NYDOL] that employees are empowered to bring private suits for violations" of Section 191, (Pl. Opp. 18), is a bridge too far given that: (i) the NYDOL was not addressing whether a private right of action exists; and (ii) there are numerous other provisions of the Labor Law, such as the meal period requirements, as to which it is conclusive that no private right of action exists but which, according to Plaintiff, could be pursued in court given this off-handed dicta.[8]

Plaintiff also asks the Court to ignore the incompatibility of *Vega* with the Court of Appeals recent decision in *Konkur v. Utica Academy of Science Charter Sch.*, 38 N.Y.3d 38 (2022).  (Pl.

---

[8]     Plaintiff relies upon his overstatement of this opinion letter to characterize Levi's argument concerning the NYDOL's "wage" and "non-wage" claim distinction, as evidenced on its Complaint Form and Section 218(1), as "silly."  (Pl. Opp. 18).  Because the premise of Plaintiff's attack is plainly incorrect, and because Plaintiff does not otherwise address this argument, the Court should consider it unopposed.

Opp. 19).  Plaintiff contends that *Konkur* presents no issue since it only concerns whether a private right of action may be implied under the NYLL, whereas, in Plaintiff's view, it is already an express right under Section 198.  (Pl. Opp. 19).  Plaintiff contends two District Courts have already rejected arguments concerning *Vega's* incompatibility with the holding in *Konkur* as each acknowledged that Section 198 provides an express right of action.  (Pl. Opp. 19).  However, this argument is self-defeating and highlights the ground upon which the Court of Appeals would disagree with *Vega*: in both *Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311 (N.D.N.Y. Mar. 24, 2022) and *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022), the courts based their determinations that a private right of action existed based upon the holding of *Vega* alone.  Neither court independently assessed whether the legislative history supported the existence of a private right of action, and because each took *Vega* at face value, neither court questioned whether allowing a Section 191 claim would amount to an impermissible private right of action by implication.  *Vega* offends *Konkur*.

As a final matter, Plaintiff contends that the Court should adhere to *Vega* because of the important public service it purportedly provides to protect workers who struggle from paycheck to paycheck.  (Pl. Opp. 12-13).[9]  However, if the goal of Section 191 were to ensure that manual workers were paid weekly because of their financial status, the New York Legislature would not have provided exemptions for employers that do not require any assessment of the financial stability of the employee base, and instead, which are based simply on the size of the employer and a demonstration of the historical ability to make payroll.  *See* N.Y. LAB. LAW § 191(1)(a)(ii).  These exemptions exist because, consistent with the legislative history identified above, the

---

[9]   Throughout, while atop his soapbox, Counsel to Plaintiff advances a series of *ad hominem* attacks on Counsel to Levi's and Levi's itself that come from a place of ignorance, at best.  (Pl. Opp. 12-13).

-8-

legislature was concerned exclusively with the "failure to pay wages" or the "failure to pay the minimum wage."

For each of these reasons, the Court should reject *Vega* and find that a private right of action does not exist to pursue a claim under Section 191.

## III.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED HE WAS A MANUAL WORKER

Plaintiff contends he has sufficiently alleged he is a manual worker because: (i) the NYDOL only requires 25% or more of tasks to involve physical labor to qualify; and (ii) pizzeria workers, cooks, wait staff, grocery store employees, janitorial staff, hotel maids, and airport chauffeurs have been found to qualify as such by the NYDOL.  (Pl. Opp. 22-23).[10]  Plaintiff has not responded to Levi's argument that his allegations amount to an impermissible legal conclusion, (Def. Mem. at 16), or addressed the authority Levi's cited concerning the types of activities necessary to qualify as physical labor, (Def. Mem. at 16-17).  As such, Defendants respectfully submit that these arguments should be considered unopposed.

## IV.   THE COURT SHOULD ALTERNATIVELY STAY ALL PROCEEDINGS

Plaintiff argues against a stay pending the outcome of the appeals in *Mabe v. Wal-Mart* and *Grant v. Global Aircraft* on the grounds that he believes it unlikely either will affect the outcome here.[11]  As to *Mabe*, Plaintiff simply believes it is unlikely an appeal will be granted since a similar request was rejected in 2021 in *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) and the Court held there "is not a ground for a substantial difference of opinion."  (Pl. Opp. 24).  Putting Plaintiff's predictive abilities aside and the nearly nine months that have elapsed since the *Caul* decision, there is undoubtedly a difference of opinion among the

---

[10]      Plaintiff also argues that motions to dismiss were denied in *Zara* and *Banana Republic*, each of which involved "clothing retailers."  (Pl. Opp. FN 10).  However, in neither case does it appear this argument was addressed.
[11]      Yet, Counsel to Plaintiff has sought permission to file an amicus brief in *Grant* on behalf of Plaintiff Rankine and acknowledged that the "issues presented in this appeal are of significant importance to the proposed amici." (Doc. 16-2 at ¶10.)

district courts concerning whether the lost time value of money is sufficient to confer standing and the degree of allegations necessary in support.  Even Judge Brown recently commented about his interest in hearing from the Court of Appeals on the issue of a private right of action.  *See* Kopel Decl. Ex. 1, at pp. 13-14. ("I would love to certify the question to the Court of Appeals of New York State but of course I'm not allowed to do that … So I have to guess and get it wrong.").

As to *Grant*, Plaintiff contends an order affirming the trial court's dismissal of the complaint would only give rise to a split.  (Pl. Opp. 24).  Precisely.  And given the litany of errors underlying *Vega's* rationale, as well as the public policy considerations of allowing plaintiffs to pursue financially ruinous litigation against New York employers for claims that lack the ordinary indicia of harm, it would provide this Court with alternative authority upon which to determine not to follow *Vega's* poor lead.

Beyond that, Plaintiff contends he has an interest in proceeding expeditiously, but he ignores that: (i) he has not suffered any underlying damages; and (ii) any statutory violations could be remedied with future monetary damages.  *See Rovi Guides, Inc. v. Comcast Corp.*, 2017 WL 4876305, at *5 (S.D.N.Y. Oct. 27, 2017).  Plaintiff also contends that Levi's will not be harmed because discovery will be "simple," but Plaintiff has offered nothing in support of that outcome.  And Plaintiff ignores the potentially dispositive nature of the *Mabe* and *Grant* appeals and their impact on the interests of the courts and the interests of the public, in favor of contending that a stay would result in inefficiencies.  *See United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 290 (E.D.N.Y. 2014) (where "an appellate court decision would be dispositive of the litigation, New York courts have found the [five] factors to weigh in favor of staying proceedings.").

Accordingly, the Court should stay this proceeding pending resolution of the appeals.

-10-

**<u>CONCLUSION</u>**

For all of the foregoing reasons, Levi's respectfully requests that the Court enter an order:
(i) dismissing the Amended Complaint in its entirety or alternatively staying all proceedings
pending the outcomes of the appeals in *Mabe* and *Grant*; and (iii) for such other and further relief
as this Court deems just and proper.

Dated:  September 16, 2022

Respectfully Submitted,

By      */s/ Brian D. Murphy*
_____
Brian D. Murphy
Lindsay Stone
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York  10112
Telephone:     212.653.8700
Facsimile:     212.653.8701
*Attorneys for Defendant*
*Levi's Only Stores, Inc.*