**BURSOR & FISHER**
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

Y ITZCHAK  K OPEL
Tel: **646.837.7510**
Fax: **212.989.9163**
**ykopel@bursor.com**

November 2, 2022

*Via ECF*

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

Re:   *Rankine v. Levi Strauss & Co.*, Case No. 1:22-cv-03362-VSB

Dear Judge Broderick:

      I represent Plaintiff in the above-captioned action.  I write pursuant to Rule 1.A of Your Honor's Individual Rules & Practices in Civil Cases to bring to the Court's attention supplemental authority in support of Plaintiff's opposition to Defendant's motion to dismiss based on the recent decision in *Levy et al. v. Endeavor Air Inc.*, Case No. 1:21-cv-04387-ENV-JRC, ECF No. 24 (E.D.N.Y. Nov. 1, 2022), a similar New York Labor Law ("NYLL") § 191 putative class action.  A true and correct copy of the Order is attached hereto as **Exhibit A**.

      In *Levy*, Judge Vitaliano considered and rejected Defendant's arguments as to Article III standing, explaining as follows:

> Unlike in *Maddox*, where the harm pleaded as resulting from the statutory violations was at best hypothetical, the harm plausibly pleaded here by plaintiffs as resulting from the violation of § 191 is actualized. To put it differently, the loss of the time value of the money owed to plaintiff is not a harm that might occur, but one that has occurred; it is not a harm that might materialize, but one that has materialized. At its essence, defendant's attack is not one of law, but of economics. Endeavor refuses to recognize here what it must certainly recognize in the handling of its own business affairs: there is a time value to the possession of money. Plaintiffs need not, as defendant suggests, spell out how the time value of money, as an economic theory, applies to their case. It does apply; the delay in payment alleged, due to defendant's unlawful rate-of-payment practices, necessarily means that plaintiffs were forced to wait to receive money that, as compared with when they should have received it, was, when they did receive it, worth less. **Nor need plaintiffs describe how they would have spent their wages had they been timely received.**

*See* Exhibit A, at 7-8 (citations omitted, emphasis added).

Judge Vitaliano also considered and rejected Defendant's arguments as to private right of action. Exhibit A, at 10-11 ("The handicap that defendant's argument bears is all but insurmountable. Indeed, defendant must, and does, acknowledge that the First Department of the Appellate Division has held in *Vega* … that New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due. … [S]ince *Vega*, every court in this Circuit to consider that decision has followed its construction of the New York Labor Law.").

At least 16 decisions have now sided with *Vega*, while zero courts have expressly disagreed with *Vega*.

Respectfully,

*/s/ Y. Kopel*

CC: All counsel of record via ECF                                    Yitzchak Kopel