UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
PATRICK RANKINE, individually and on behalf
of all others similarly situated,

                     Plaintiff,

                     v.

LEVI STRAUSS & CO.,[1]

                     Defendant.
------------------------------------------------------------- x

Civil Action No. 1:22-cv-03362-VSB-SDA

# DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Levi's Only Stores, Inc. ("Defendant") submits this Notice of Supplemental Authority in support of its Motion to Dismiss the Amended Complaint or Stay Proceedings to bring to the Court's attention a case decided by the New York State Supreme Court, Appellate Division, Second Department, in *Gutierrez v. Bactolac Pharm., Inc.* – A.D.3d --, 2022 N.Y. Slip Op. 06233 (2d Dep't Nov. 9, 2022), attached hereto as Exhibit A. In *Gutierrez*, the Second Department affirmed the dismissal of a claim under New York Labor Law ("NYLL") § 191. The Second Department held "[t]he Supreme Court properly directed dismissal of the second cause of action, which alleged violations of Labor Law §191, as that statute pertains to frequency of pay and not unpaid wages." *Id.* (emphasis added). This decision is relevant to the pending Motion in two respects.

First, the Second Department's holding that § 191 does not pertain to claims for unpaid wages conflicts with the First Department's decision in *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019). In *Vega*, the First Department held a frequency of pay

---

[1]     Levi's Only Stores, Inc. is the name of the proper corporate entity.

violation results in a claim for unpaid wages, and as a consequence, permits a private civil action under NYLL § 198 because § 198 authorizes private civil enforcement for unpaid wage claims. While the Court in *Gutierrez* did not squarely address whether NYLL § 198 allows for a private right of action under NYLL § 191, its decision undermines *Vega's* holding and supports Defendant's argument that *Vega* was incorrectly decided and that the New York Court of Appeals would not likely rule similarly if confronted with this issue. *See* ECF No. 22 at 10-12.

Second, the Second Department's holding suggests the potential for a similar outcome in the pending appeal in *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-03202 (App. Div. 2d Dep't). This potential outcome further supports Defendant's request that any proceedings in this matter be stayed until the appeal in *Grant* is resolved. *See* ECF No. 22 at 17-20.

Dated: New York, New York
November 21, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/ Brian D. Murphy
Brian D. Murphy
Lindsay Stone
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
bmurphy@sheppardmullin.com

*Attorneys for Defendant
Levi's Only Stores, Inc.*