# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**  
**NEW YORK, NY 10019**  
**www.bursor.com**

**YITZCHAK KOPEL**  
Tel: **646.837.7510**  
Fax: **212.989.9163**  
**ykopel@bursor.com**

November 29, 2022

*Via ECF*

The Honorable Vernon S. Broderick  
United States District Court  
Southern District of New York  
40 Foley Square, Room 415  
New York, NY 10007

Re:    *Rankine v. Levi Strauss & Co.*, Case No. 1:22-cv-03362-VSB

Dear Judge Broderick:

      I represent Plaintiff in the above-captioned action. I write pursuant to Rule 1.A of Your Honor's Individual Rules & Practices in Civil Cases to bring to the Court's attention a recent order denying the motion to dismiss in the case captioned *Rath v. Jo-Ann Stores, LLC*, Case No. 1:21-cv-00791, ECF No. 32 (W.D.N.Y. Nov. 29, 2022). A true and correct copy of the decision is attached hereto as **Exhibit A**.

      In *Rath*, Judge Skretny held "this Court believes that the State's highest court would conclude that delayed payment is a form of underpayment … Thus, a manual worker has a private right of action under Labor Law § 191 to enforce timely, complete payment of wages." Exhibit A, at 15; *see also id.* at 16 ("It is the combination of sections 191 and 198(1-a) that creates an express private right of action for untimely wage payments. Section 191 creates the substantive right for the manual employee to timely and complete wage payments and § 198(1-a) furnishes the procedures and remedies available for violations.").

      Judge Skretny further held that liquidated damages are the appropriate remedy for violation of NYLL § 191, stating, "Labor Law § 198(1-a) was amended to address to manual worker's loss of money, whether it is nonpayment, partial payment, or (as alleged here) delayed payment by including liquidated damages as a remedy." Exhibit A, at 18-19; *see also id.* at 19 ("Plaintiff alleges a loss of the use of her late paid wages from Defendant's biweekly payment … and a remedy for that loss under § 198 is liquidated damages. Thus, this Court concludes that the New York Court of Appeals would recognize the availability of liquidated damages as a remedy for violation of Labor Law § 191 recoverable by the affected manual worker.") (internal citation omitted).

BURSOR & FISHER
P.A.

PAGE 2

Respectfully,

*/s/ Yitzchak Kopel*

CC: All counsel of record via ECF

Yitzchak Kopel