UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
PATRICK RANKINE, individually and on behalf :
of all others similarly situated, :
: Civil Action No. 1:22-cv-03362-VSB-SDA
Plaintiff, :
:
v. :
:
LEVI STRAUSS & CO.,[1] :
:
Defendant. :
:
---------------------------------------------------------------- x

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Levi's Only Stores, Inc. ("Levi's") submits this Response to Plaintiff Patrick Rankine's ("Plaintiff") Notice of Supplemental Authority concerning *Rath v. Jo-Ann Stores, LLC*, No. 21-CV-0791 (W.D.N.Y. Nov. 29, 2022) (ECF No. 36). For the reasons set forth below, *Rath* does not support denial of Levi's pending Motion to Dismiss or, in the Alternative, to Stay Proceedings. (ECF No. 20).

To begin, *Rath* is not binding upon this Court and consists merely of one court's prediction as to whether the New York Court of Appeals would determine that New York Labor Law Section 191 contains an express private right of action. Levi's respectfully submits that the *Rath* Court's holding suffers from many of the flaws highlighted by Levi's in its discussion of *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), including: (i) equating the delayed, but full payment of wages, as an "underpayment" for purposes of Section 198(1-a); (ii) failing to consider the legislative histories of Sections 191 and 198(1-a), neither of

---

[1] Levi's Only Stores, Inc. is the name of the proper corporate entity.

which suggest an intention of the Legislature to impose a penalty on employers that pay wages in full, albeit on a bi-weekly rather than weekly pay cycle; and (iii) equating Section 191 to a "wage claim" notwithstanding the enforcement scheme under Section 218 and the New York Department of Labor's habitual practice of levying only minor fines for Section 191 violations. Further, Levi's respectfully submits that the *Rath* Court did not meaningfully consider *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022) (declining to find a private right of action under Section 198-b), dispensing with it solely upon the grounds that it concerned a different section of the Labor Law.  *See Rath*, No. 21-CV-0791 at p. 14.

Second, the defendant in *Rath* did not advance, and the *Rath* Court did not address, arguments concerning the plaintiff's failure to sufficiently allege an "injury in fact" giving rise to Article III standing.[2]  Here, a centerpiece of Levi's Motion contends that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff limited his allegation of harm to being "temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his."  (ECF No. 20 at p. 5-7).  *Rath* does not impact this argument and thus provides no bar to the Court in granting Levi's Motion for this reason alone.

Indeed, since Levi's first briefed the standing issue, it has become even more apparent Plaintiff has not plausibly alleged an injury in fact or standing.  Section 191 states:

> A manual worker shall be paid weekly and *not later than seven calendar days* after the end of the week in which the wages are earned.

N.Y. Lab. Law § 191(a) (emphasis added).  Plaintiff only alleges that he was paid bi-weekly such that, in his view, "every other week" his wages were late. (Compl. ¶ 11).  However, Levi's

---

[2]   The *Rath* defendant previously – and successfully – challenged standing.  *See* No. 21-CV-0791 (W.D.N.Y. Aug. 26, 2022).  However, the *Rath* Court granted the plaintiff leave to amend, which the plaintiff did without challenge from the defendant.

had seven days to make each payment from the last day of the week in which the wages were earned.  *See* N.Y. Lab. Law § 191(a).  Plaintiff does not allege that his wages for the first week were paid more than seven days after the workweek concluded, and as Plaintiff frames his allegations, it appears that Plaintiff was paid wages for the second workweek less than seven days after the workweek concluded, resulting in an accelerated payment.  Thus, Plaintiff fails to plausibly allege an injury in the form of "temporary deprivation of money" since he does not allege he was paid any wages outside the prescribed statutory time period, and appears to concede he was paid some wages faster than that required under Section 191.[3]

Third, the defendant in *Rath* did not advance, and the *Rath* Court did not address, arguments concerning the paucity of allegations supporting the plaintiff's characterization as a "manual worker" under Section 191.  (ECF No. 36 at p. 15-16).

And finally, the defendant in *Rath* did not argue, and the *Rath* Court did not address, the propriety of a stay of proceedings pending the outcomes of the appeal in *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-03202 (App. Div. 2d Dep't) and the proceedings in *Mabe v. Wal-Mart Assoc., Inc.*, No. 20-CV-00591 (N.D.N.Y.).  Levi's continues to believe a stay of proceedings is appropriate here for all of the reasons addressed in its prior briefing, but with even further conviction given the New York State Supreme Court, Appellate Division, Second Department's decision in *Gutierrez v. Bactolac Pharm., Inc.* – A.D.3d --, 2022 N.Y. Slip Op. 06233 (2d Dep't Nov. 9, 2022).  This decision was not addressed in *Rath*.  However, as Levi's previously advised the Court, (ECF No. 34), the *Gutierrez* Court affirmed the dismissal of a claim under Section 191 on the grounds that frequency of wage claims are not "unpaid wage" claims, a holding distinctly

---

[3]   Levi's acknowledges that it did not advance this argument in its prior briefing.  However, because "the absence of subject matter jurisdiction may be raised at any time by a party or by the Court *sua sponte*," Levi's respectfully requests the opportunity for the Parties to brief this issue further.  *See Rogers v. LVNV Funding, LLC*, No. 21-CV-796 (ENV)(RLM), 2022 WL 2292836, at *3 (E.D.N.Y. June 24, 2022).

-4-

at odds with *Vega*. This holding thus suggests that *Grant* will be decided differently than *Vega* giving rise to a split of authority at the New York Appellate Division.

Dated: New York, New York
December 2, 2022

          **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

          By: /s/ Brian D. Murphy
              Brian D. Murphy
              Lindsay Stone
              30 Rockefeller Plaza, 39th Floor
              New York, New York 10112
              Telephone: (212) 653-8700
              Facsimile: (212) 653-8701
              bmurphy@sheppardmullin.com

              *Attorneys for Defendant*
              *Levi's Only Stores, Inc.*