**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

April 27, 2023

**VIA ECF**

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Rankine v. Levi Strauss & Co.*, No. 22-CV-3362

Dear Judge Swain:

We represent Defendant Levi's Only Stores, Inc. ("Levi's," incorrectly designated as "Levi Strauss & Co.") in the above-referenced matter. We submit this letter motion in accordance with Rule A.2.c. of Your Honor's Individual Rules of Practice to request a stay on the Court's determination of Levi's pending Motion to Dismiss (ECF No. 20) until a decision is issued by the Appellate Division, Second Department, in *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-03202 (2d Dep't), which held oral argument on the appeal on April 21, 2023.[1]

Plaintiff alleges that he and a putative class are entitled to substantial liquidated damages solely because Levi's paid him and other employees on a bi-weekly basis. He contends that he and the putative class qualify as "manual workers" under New York Labor Law § 191(1)(a) and should have been paid on a weekly basis. In its Motion, Levi's contends, *inter alia*, that the Amended Complaint should be dismissed because § 191 does not provide employees with a private right of action to pursue relief. (ECF No. 20 at pp. 9-16).

This threshold issue of whether a private right of action exists is currently unsettled. There have been no decisions on the issue from the New York Court of Appeals or the United States Court of Appeals for the Second Circuit. The sole appellate decision on the issue was issued by the First Department in *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019). Federal courts have followed *Vega* thus far on the basis that it represents the highest authority on this issue of state law. However, the criticisms of *Vega* have been growing. *See, e.g., Georgiou v. Harmon Stores, Inc.*, No. 22-CV-2861-BMC, 2023 WL 112805, at *6 (E.D.N.Y. Jan. 5, 2023) ("Despite my doubts about the viability of *Vega*…I will therefore follow [it]…at least pending further instruction from the New York State courts."). Further, the Second Department itself – apart from *Grant* – has also recently called *Vega* into question. *See Gutierrez v. Bactolac Pharm., Inc.*, 2022 N.Y. App. Div. LEXIS 61610, *2 (App. Div. 2d Dep't Nov. 9, 2022) (upholding dismissal of a § 191 claim on the ground that it pertained to "frequency of pay *and not unpaid wages*.").

Given the questionable validity of *Vega*, Levi's respectfully submits that the Court should exercise its discretion to temporarily stay its ruling on Levi's Motion to Dismiss pending the

---

[1] We conferred with Counsel to Plaintiff Patrick Rankine earlier today and the Parties have not agreed concerning the requested stay.

**SheppardMullin**

April 27, 2023
Page 2

Second Department's forthcoming decision in *Grant* opining on the same issue. Staying a decision on the Motion will best serve the interests of the parties, the Court, and the public by promoting judicial efficiency and minimizing the possibility of conflicts between different courts. Courts routinely exercise their discretion to stay proceedings where, as here, a higher court is considering an important issue of law bearing on the action. *See, e.g., Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598 (2012). In determining whether to grant a stay, Courts weight five factors: (i) the private interests of and the burden on the defendant; (ii) the private interests of the plaintiff; (iii) the interests of the court; (iv) the interests of non-parties to the case; and (v) the interests of the public. *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

The benefit to the Parties of a short stay is clear. The Second Department will issue a decision on the exact issue of state law that is the subject of Levi's Motion. A ruling will provide clarity as to the applicable law and questions in this case. *See Hoover v. HSBC Mortg. Corp. (USA)*, 2015 WL 12781322, at *1-2 (N.D.N.Y. July 9, 2014) (staying class litigation because "it would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending Second Circuit decision").

Neither Plaintiff nor the putative class will suffer prejudice from a short stay. The only prejudice Plaintiff may point to here is a delay in litigating this action; however, delay is inherent in every stay. Indeed, Courts routinely hold that a delay in litigation is not itself sufficiently prejudicial to outweigh the benefits of staying a case when additional guidance is forthcoming. *See McCracken v. Verisma Sys., Inc.*, 2018 WL 4233703, at *4 (W.D.N.Y. Sept. 6, 2018). That is especially true where, as here, the stay is anticipated to be minimal. The Second Department heard oral argument on April 21 and a ruling is expected shortly. It is also worth noting that discovery has not yet commenced and Plaintiff does not seek any unpaid wages, but only statutory penalties.

The interests of the Court, the public, and non-parties also weigh in favor of a stay. A stay will provide the Court with the opportunity to consider a critical clarification on an important and novel issue of state law – and at that, one that has received particularized attention and is the subject of proposed legislation. *See* https://nypost.com/2023/03/19/insane-state-law-poses-huge-new-threat-to-new-york-jobs/ (last visited April 27, 2023); https://www.nysenate.gov/legislation/bills/2021/S9511 (last visited April 27, 2023). A stay will also promote judicial economy and will help to minimize the possibility of further conflicts between Courts in New York.

Accordingly, Levi's respectfully requests that the Court enter an Order staying a determination on the pending Motion until after the Second Department issues a decision in *Grant*. Levi's proposes that, as a condition of the stay, it be directed to notify the Court when the *Grant* decision is issued. We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Brian D. Murphy

Brian D. Murphy
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: All Counsel of Record

SMRH:4873-5296-2912.1