UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PATRICK RANKINE, individually and on
behalf of all others similarly situated,

        Plaintiff,

 -v-                                         No. 1:22-CV-03362-LTS

LEVI STRAUSS & CO.,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

Patrick Rankine ("Rankine" or "Plaintiff") brings this putative class action against Levi Strauss & Co. ("Levi's" or "Defendant")[1] on behalf of himself and other Levi's "employees in the State of New York that engage in manual work in the course of their employment," asserting claims under the New York Labor Law (the "NYLL"), Art. 6, section 191 ("Section 191"). (Docket entry no. 1 ("First Amended Complaint" or "FAC").) Specifically, Plaintiff alleges Defendant violated Section 191 by paying him and others similarly situated biweekly, rather than once a week, and seeks liquidated damages. (Id.) Defendant moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint and, in the alternative, for an order staying this action pending the outcome of appeals in other cases "that may have a dispositive impact on this case." (Docket entry no. 20 (the "Motion") at 1.) Both parties have also submitted notices of supplemental authority (docket entry nos. 31-40, 43), which the Court has considered. On April 27, 2023, Defendant submitted an additional letter motion to stay the

---

[1]     Defendant asserts that the proper name of the corporate entity defending this action is Levi's Only Stores, Inc., rather than "Levi Strauss & Co." (Docket entry no. 22 at 1.)

Court's decision on Defendant's motion to dismiss, pending the outcome of a case before New York's Appellate Division, Second Department (docket entry no. 41 (the "Second Motion to Stay")), and Plaintiff filed a response (docket entry no. 42). The Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. section 1332(d). (FAC ¶ 8.)

The Court has reviewed thoroughly the submissions of the parties and, for the following reasons, Defendant's Motion is denied in its entirety.

## BACKGROUND

The following facts, which are alleged in the FAC or drawn from documents integral to the FAC, are taken as true for the purpose of Defendant's motion to dismiss. Levi's is a Delaware corporation with its principal place of business in San Francisco, California, that owns a chain of retail stores "that employ hundreds, if not thousands, of manual workers in the State of New York." (FAC ¶ 10.) From November 2019 to January 2020, Plaintiff was employed by Defendant as a sales associate. (FAC ¶ 11.) Over 25 percent of Plaintiff's job responsibilities involved manual labor, "including tasks such as unpacking, stocking and organizing inventory, folding clothes, and tending to fitting rooms." (Id.) Plaintiff alleges that Defendant paid him every two weeks, rather than weekly, during the entire length of his employment. (Id.) Defendant did not receive express authorization from the New York State Department of Labor Commissioner to pay Plaintiff biweekly, rather than once a week. (FAC ¶ 3.) Plaintiff asserts injury "in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his." (Id. ¶ 11.)

DISCUSSION

Defendant moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) (for lack of standing and therefore subject matter jurisdiction) and 12(b)(6) (for failure to state a claim). Defendant argues that (i) Plaintiff has not suffered an injury-in-fact, and therefore lacks standing to pursue a claim under Section 191; (ii) Plaintiff fails to state a claim for relief because Section 191 does not provide a private a private right of action; and (iii) Plaintiff fails to state a claim because he has not plausibly alleged that he was a manual worker covered by Section 191's protections. (Def. Mem. at 5-17.) In the alternative, Defendant requests that the Court stay all proceedings pending the outcome of appeals in two cases, Miner-Vargas, et al. v. Wal-Mart Associates, Inc., No. 20-CV-00591 (N.D.N.Y.)[2], and Grant v. Global Aircraft Dispatch, Inc., No. 2021-03202 (N.Y. App. Div. 2d Dep't), which it contends are "likely to . . . resolve[]" legal questions central to Defendant's motion to dismiss. (Id. at 17.)

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Legal Standard

Defendant moves to dismiss the FAC for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure. Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to

---

[2] In both parties' filings, this case is referred to as Mabe v. Wal-Mart Associates, Inc., but the lead plaintiff, Brigette Mabe, was terminated on February 2, 2023, and Madigan Miner Vargas has taken her place as lead plaintiff for the action. The Court refers to this action by its current case name.

Rule 12(b)(1)." Castro v. Feliciano, No. 16-CV-901-WHP, 2018 WL 4265878, at *2 (S.D.N.Y. Sept. 6, 2018) (quotation marks and citations omitted). Under Rule 12(b)(1), a claim must be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Agoliati v. Block 865 Lot 300 LLC, No. 22-51, 2023 WL 405769, at *1 (2d Cir. Jan. 26, 2023) (quoting Marakova, 201 F.3d at 114). "When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based exclusively on the face of the complaint, the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Espinal v. Sephora USA, Inc., No. 22-CV-03034-PAE-GWG, 2022 WL 16973328, at *1 (S.D.N.Y. Nov. 16, 2022) (quotation marks and citation omitted), report and recommendation adopted, 2023 WL 2136392 (S.D.N.Y. Feb. 21, 2023).

As here, "[w]hen a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds . . . the Court must consider the Rule 12(b)(1) motion first." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. Apr. 8, 2011) (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)).

Standing

The requirement of standing ensures that the power of federal courts remains limited "to the resolution of Cases and Controversies," as required under Article III of the Constitution. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021). "[W]hether the plaintiff has made out a 'case or controversy' between himself and the defendant . . . is the

threshold question in every federal case, determining the power of the court to entertain the suit." Mahon v. Ticor Title Ins. Co., 688 F.3d 59, 62 (2d Cir. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). To satisfy the "irreducible constitutional minimum" of standing, a plaintiff must show: (i) that the plaintiff suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

In TransUnion, the Supreme Court provided greater clarity as to what constitutes a concrete injury. "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts – such as physical harm, monetary harm, or various intangible harms[.]" 141 S. Ct. at 2200 (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016)). Of those harms that "readily qualify as concrete injuries under Article III," "[t]he most obvious are traditional tangible harms, such as physical harms and monetary harms. If a defendant has caused . . . monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." Id. at 2204. Merely violating a right conferred by statute, therefore, does not necessarily constitute a concrete injury. Gillett v. Zara USA, Inc., No. 20-CV-3734-KPF, 2022 WL 3285275, at *5 (S.D.N.Y. Aug. 10, 2022) ("With regard to injuries arising out of a defendant's violation of a statute, the Supreme Court explained that courts may not assume that the existence of a statutory prohibition or obligation automatically elevates that prohibition or obligation to a harm that is concrete under Article III.") (citing TransUnion, 141 S. Ct. at 2204-05). "[A] plaintiff has standing to bring a claim for monetary damages following a statutory violation only when he can show a current or

past harm beyond the statutory violation itself." Harty v. W. Point Realty, Inc., 28 F.4th 435, 443 (2d Cir. 2022) (citing TransUnion, 131 S. Ct. at 2204-07).

Plaintiff alleges that the Defendant violated his right under Section 191 to receive payment weekly, see N.Y. Lab. Law § 191(1)(a) (providing that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned," unless the authorization for less frequent payments has been provided by the Commissioner of the New York State Department of Labor), resulting in deprivation, however temporary, of Plaintiff's access to money owed to him. Defendant does not dispute that a temporary deprivation of money to which one is entitled can constitute a concrete harm cognizable under Article III as a tangible injury, but contends that Plaintiff must "offer[] . . . allegations concerning his financial strategies or investment practices that would have increased the value of any funds" provided timely by Defendant to plead a concrete injury. (Def. Mem. at 6-7.)

Defendant's argument has been rejected repeatedly by courts in this Circuit in the specific context of claims arising under Section 191. In Gillett, Judge Failla explained that:

> [i]rrespective of the fact that Plaintiff ultimately received the entire sum of wages he was owed, this delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III. This is because the 'temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing.'"

2022 WL 3285275, at *6 (quoting Caul v. Petco Animal Supplies, Inc., No. 20-CV-3534-RPK-SJB, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021)). Judge Failla specifically rejected the argument now advanced by Defendant, ruling that "[t]he factual allegations of the [complaint] establish that Plaintiff here was deprived of the time value of the money that Defendant illegally delayed. As such, Plaintiff has suffered an injury in fact and for which he may seek redress in

federal court, *regardless of his intentions with respect to the delayed funds*." Id. at *7 (emphasis added). In Espinal v. Sephora USA, Inc., the court rejected the argument that late payments do not "amount[] to 'any economic loss,'" explaining that the loss of the time value of money alone is sufficient to confer standing. No. 22-CV-03034-PAE-GWG, 2022 WL 16973328, at *3 (S.D.N.Y. Nov. 16, 2022) ("[T]he loss of the time value of money owed to plaintiff is not a harm that *might* occur, but one that *has* occurred; it is not a harm that *might* materialize, but one that *has* materialized.") (emphasis in original) (quoting Levy v. Endeavor Air Inc., No. 21-CV-4387-ENV-JRC, 2022 WL 16645829, at *4 (E.D.N.Y. Nov. 1, 2022)); see also Elhass v. Hallmark Aviation Services, L.P., No. 21-CV-9768-LJL, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022); Bueno v. Buzinover, No. 22-CV-2216-PAE-KHP, 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023) (finding standing on the basis that "the temporary deprivation of wages results in concrete injury of the loss of the time value of money"); Harris v. Old Navy, No. 21-CV-9946-GHW-GWG, 2022 WL 16941712, *3 (S.D.N.Y. Nov. 15, 2022) (rejecting argument that plaintiff lacked standing in a Section 191 case because "[w]hile the harm [plaintiff] suffered may be difficult to measure or approximate, the harm is real, not hypothetical"), report and recommendation adopted, 2023 WL 2139688 (S.D.N.Y. Feb. 20, 2023).

For support, Defendant relies almost entirely on Rosario v. Icon Burger Acquisition LLC, an Eastern District of New York decision in which the court accepted the argument that temporary deprivation of money, without allegations of additional harm, is insufficient to establish standing under Article III. No. 21-CV-4313-JS-ST, 2022 WL 198503, at *3 (E.D.N.Y. Jan. 21, 2022) ("[A]bsent factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing.")  The

Court declines to adopt this reasoning. The Court instead concurs with the overwhelming weight of authority in this Circuit that "does not read TransUnion or any other binding precedent to require a plaintiff to specify how he intended to take advantage of the time value of his wages if they had not been improperly withheld for a period of time." Gillett, 2022 WL 3285275, at *7. Accordingly, the Court finds that Plaintiff has proffered factual allegations sufficient to establish standing. Defendant's motion to dismiss the FAC for lack of standing is denied.

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). A complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Twombly, 550 U.S. at 555. In reviewing a motion filed pursuant to Rule 12(b)(6), the court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference ... and documents possessed by or known to the plaintiff and upon which she relied in bringing the suit." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F. 3d 87, 98 (2d Cir. 2007). "In deciding a Rule 12(b)(6) motion, a court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff." Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 234 F. Supp. 3d 548, 554 (S.D.N.Y. 2017) (citing Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009)).

Private Right of Action

Defendant argues that Plaintiff fails to state a claim because the NYLL does not provide a private right of action to enforce the weekly payment obligation imposed by Section 191. Plaintiff, on the other hand, contends that NYLL section 198(1-a), ("Section 198(1-a)"), "expressly provides a right of action for any 'wage claim' in Article 6," and that a claim for late payment of wages is such a claim. (Pl. Mem. at 14.) Section 198(1-a) provides as follows:

> In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

N.Y. Lab. Law § 198(1-a).

Plaintiff urges the Court to follow Vega v. CM & Assoc. Const. Mgmt., LLC, a recent First Department decision which held that Section 198(1-a) "expressly provides a private right of action for a violation of Labor Law § 191." 175 A.D.3d 1144, 1146 (N.Y. App. Div. 1st Dep't 2019). The Vega court held that late payment of wages constitutes "underpayment" for the purposes of the statute – even if the employee was fully paid prior to bringing a claim. Id. at 1145 ("[T]he term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action . . . . The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required."). Liquidated damages, therefore, "may

be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages." Id.

Defendant asks the Court to reject Vega, which it contends was wrongly decided. (Pl. Mem. at 10-12) ("The First Department's logic [in deciding Vega] is therefore the product of faulty statutory construction" leading to "an absurd outcome."). To do so, this Court would have to be convinced that the highest court of the state is likely to reject Vega's reasoning. "Although we are not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." DiBella v. Hopkins, 403 F.3d 102, 112 (2d Cir. 2005) (internal quotation marks and citation omitted). In the absence of such data, or other contrary authority, "[f]ederal courts applying state law 'are generally obliged to follow the state law decisions of state intermediate appellate courts.'" Gillett, 2022 WL 3285275, at *11 (quoting Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005)).

Defendant argues that the New York Court of Appeals (the "Court of Appeals") is likely to reject Vega, (Def. Mem. at 9) ("Vega was incorrectly decided and recent caselaw indicates that the New York Court of Appeals would not approve of Vega"), but fails to persuade the Court of its position. Defendant's arguments rely almost entirely on state and federal trial court decisions issued prior to Vega. See Hunter v. Planned Bldg. Servs., Inc., No. 715053/2017, 2018 WL 3392476, at *2 (N.Y. Sup. Ct. June 20, 2018); Hussain v. Pak. Int'l Airlines Corp., No. 11-CV-932-ERK-VVP, 2012 WL 5289541, at *3, 8 (E.D.N.Y. Oct. 23, 2012); Gardner v. D&D Elec. Const. Co. Inc., No. 160249/2018, 2019 WL 3765345, at *2 (N.Y. Sup. Ct. Aug. 09, 2019);

Arciello v. Cty of Nassau, No. 16-CV-3974-ADS-SIL, 2019 WL 4575, at *8 (E.D.N.Y. Sept. 20, 2019) (issued ten days after Vega and failing to note Vega, instead relying on pre-Vega cases). [3]

Defendant's assertion that the Court of Appeals' decision in Konkur v. Utica Academy of Science Charter School, 185 N.E.3d 483 (2022), augurs a rejection of Vega (Def. Mem. at 13), is similarly unavailing. In Konkur, the Court of Appeals addressed the question of whether a separate subsection of the New York Labor Law, NYLL section 198-b ("Section 198-b"), an anti-kickback provision, supported an implied private right of action. 185 N.E.3d at 484 ("The issue presented in this appeal is whether Labor Law § 198-b, which prohibits wage kickbacks, contains an implied private right of action."). In resolving this question, the Konkur Court explained that, "[w]here the legislature intended for an article 6 provision to be enforced individually, it expressly provided a right of action," 185 N.E.3d at 488, a statement on which Defendant heavily relies. (Def. Mem. at 13 ("The [Konkur] Court thus declined to find a private right of action under §198-b as the requisite expression of legislative intent was lacking. The same principle should apply here.").) Defendant fails, however, to recognize that the Vega Court found the combination of Sections 191 and 198-a to provide *both an implied and an express* private right of action, holding that late payment constitutes underpayment within the meaning of

---

[3] Though Phillips v. Max Finkelstein, Inc., 66 Misc. 3d 514, 516-19 (N.Y. Cnty. Ct. 2019), was issued after Vega and reached a contrary result, Defendant's reliance on it is similarly misplaced. While the Suffolk County Court in that action concluded that it need not follow Vega on the basis that the Second Department had reached a result contrary to Vega's reasoning, this conclusion was deemed erroneous on appeal, and the court's order was modified to conform with Vega. Phillips v. Max Finkelstein, Inc., 153 N.Y.S.3d 750, 752 (App. Term 2d Dep't 2021) ("As this court is bound by the principles of stare decisis to follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division, Second Department, pronounces a contrary rule, the decision of the Appellate Division, First Department, in [Vega], is controlling on the issue of whether the plaintiff stated a cause of action for damages, pursuant to Labor Law §§ 191(1)(a) and 198(1-a). Thus, the Suffolk County Court erred in dismissing plaintiff's first cause of action.")

the statute. Vega, 175 A.D.3d at 1146 ("Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191.") Therefore, even if the Court of Appeals were to agree with Konkur that an express private right of action is required, Vega's conclusion that a late payment claim meets the express statutory underpayment claim elements could survive. Other courts to consider the issue have similarly found Konkur insufficient to constitute "persuasive data" that the Court of Appeals would reject the holding in Vega. See Espinal, 2022 WL 16973328, at *9 (explaining that "Vega held that the NYLL expressly provided for a private right of action to enforce NYLL § 191(1)(a) in § 198(1-a)" and that "[n]othing in Konkur undermines this statutory interpretation, because Konkur addresses an implied cause of action"); see also Elhassa v. Hallmark Aviation Servs., No. 21-CV-9768-LJL, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ("[T]he question in Konkur had to do with the implication of a private right of action for a different provision of the NYLL. Vega rested on a different ground."); Georgiou v. Harmon Stores, Inc., No. 2:22-CV-92861-BMC, 2023 WL 112805, at *6 (E.D.N.Y. Jan. 5, 2023) ("Konkur does not rise to the level of 'persuasive evidence' that the Court of Appeals would reject Vega. Konkur addressed an implied cause of action for a different and unrelated provision of the NYLL."); Rath v. Jo-Ann Stores, LLC, No. 21-CV-791, 2022 WL 17324842, at *9 (W.D.N.Y. Nov. 29, 2022) ("This Court finds that there is persuasive evidence to believe that the New York State Court of Appeals would adopt the rationale of Vega and conclude that New York Labor Law § 191 has a private right of action as a Section 6 Labor Law violation under § 198(1-a)."). This Court joins the many others in this Circuit that have found Konkur insufficient to support a conclusion that the Court of Appeals will overturn Vega.

Defendant's other arguments, which seek to relitigate Vega (see Def. Mem. at 12 (arguing that Vega is inconsistent with the legislative history of Sections 191 and 198(1-a)), id.

at 13 (arguing that Vega is inconsistent with enforcement schemes for violations of the NYLL), id. at 14-15 (arguing that Vega should be overruled under the canon of constitutional avoidance)), are unavailing. The Court is obliged to follow Vega unless presented with "persuasive evidence" that Vega would be rejected by the Court of Appeals. The Court finds that the Defendant has failed to provide such evidence, and therefore holds, consistent with Vega, that Sections 191 and 198 provide a private right of action for late payment of wages.

Arguments that Plaintiff is Not a Mechanic, Workingman or Laborer

Defendant argues that Plaintiff fails to state a claim because Section 191 requires weekly pay only for "manual workers," NYLL § 191, contending that Plaintiff, as a retail store employee, does not fall into that category. (Def. Mem. at 15.) Under Section 190(4) of the New York State Labor Law, a manual worker is defined as "a mechanic, workingman or laborer." NYLL § 190(4). The Department of Labor interprets this provision to include "employees who spend more than 25 percent of their working time performing physical labor." N.Y. Dep't of Labor Opinion Letter, No. RO-09-0066 (May 21, 2009). "By this criterion, carpentry workers, cooks, wait staff, grocery store employees, janitorial staff, hotel maids, airport chauffeurs, and pizzeria workers have been found to be 'manual workers.'" Beh v. Community Care Companions, Inc., No. 19-CV-1417-JLS-HBS, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021) (collecting cases).

Plaintiff pleads that more than 25 percent of his responsibilities included manual labor, and provides specific examples of this labor: "unpacking, stocking and organizing inventory, folding clothes, and tending to fitting rooms." (FAC ¶ 11.) Such allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss. See Levy v. Endeavor Air, No. 21-CV-4387-ENV-JRC, 2022 WL 16645829, at *4 n.5 (E.D.N.Y. Nov. 1, 2022) (finding that

defendant's motion to dismiss on grounds that plaintiff was not a manual laborer "would [not] likely succeed" where plaintiff "alleges that more than 25% of her work involves physical labor, and lists specific tasks as examples.  These allegations are sufficient to conclude, for purposes of this motion [to dismiss], that [plaintiff] falls within NYLL's manual worker definition.") (citation omitted).  Factual questions as to whether Plaintiff can proffer evidentiary support for his assertions pertaining to the manual worker classification are properly examined at the summary judgment motion stage or at trial.

For the foregoing reasons, the Court finds that Plaintiff has stated a claim for untimely payment of wages under Section 191, and Defendant's motion to dismiss is therefore denied to the extent it seeks dismissal pursuant to Rule 12(b)(6).

Motion to Stay Proceedings

In the alternative, Defendant requests that the Court stay all proceedings pending the outcome of two appeals: a potential interlocutory appeal in Miner-Vargas, et al. v. Wal-Mart Associates, Inc. seeking review of an order denying in part the motion to dismiss in that case, No. 20-CV-00591-TJM-CFH (N.D.N.Y. Apr. 4, 2022) at ECF 40; and an appeal in Grant v. Global Aircraft Dispatch, Inc., No. 2021-03202 (N.Y. App. Div. 2d Dep't), seeking review by the Appellate Division, Second Department, of the trial court's grant of a motion to dismiss a claim for untimely pay.  (Def. Mem. at 17.)  Since the filing of Defendant's motion to dismiss the FAC, there has been activity in both of these cases.  First, the Miner-Vargas court denied the defendant's request for permission to seek interlocutory review of the order denying defendant's motion to dismiss.  See Miner-Vargas, No. 20-CV-00591-TJM-CFH (N.D.N.Y. Mar. 23, 2023) at ECF 58.  Accordingly, the Court construes Defendant's motion as requesting a stay pending

the appeal in Grant exclusively.  Second, the Second Department heard oral argument in Grant on April 21, prompting submission of the Second Motion to Stay.  (Docket entry no. 41 at 1.)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its own docket with economy of time and effort for itself, for counsel, and for litigants."  Poppel v. Rockefeller University Hospital, No. 19-CV-1403-ALC, 2019 WL 3334476, at *2 (S.D.N.Y. Jul. 25, 2019) (quotation marks and citation omitted).  A court may "enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed."  Diatek Licensing LLC v. Estrella Media, Inc., No. 22-CV-3508-LJL, 2022 WL 5108090 (S.D.N.Y. Oct. 4, 2022.) (citation omitted).

"To be sure, the movant 'bears the burden of establishing its need' for such a stay."  LaSala v. Needham & Co., Inc., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting Clinton v. Jones, 520 U.S. 681, 708 (1997)).  "In particular, if there is even a fair possibility that the stay for which he prays will work damage to some one else, the movant must make out a clear case of hardship or inequity in being required to go forward."  Id. (internal quotation marks and citation omitted).  To determining whether to issue a stay, the Court considers the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  In applying the Kappel factors, "the basic goal is to avoid prejudice."  Lasala, 399 F. Supp. 2d at 427 (citation omitted).

Defendant contends that the first factor weighs in favor of a stay because Plaintiff "(i) has not suffered any underlying damages; and (ii) any statutory violations could be remedied with future monetary damages." (Docket entry no. 30 ("Reply") at 10) (citation omitted). It is true that there is no ongoing financial harm here – Plaintiff no longer works for Defendant, and does not allege that he has not received the full amount of his wages. Plaintiff instead asserts his interest in an expeditious resolution to his litigation, but does not identify any prejudice that he would suffer from a stay being imposed. The first factor therefore weighs only slightly in Plaintiff's favor. See Poppel v. Rockefeller University Hospital, No. 19-CV-1403-ALC, 2019 WL 3334476, at *2 (S.D.N.Y. Jul. 25, 2019) (finding that, where Plaintiff has not persuasively argued that prejudice would follow from a stay, "due to Plaintiff's inherent interest in proceeding expeditiously, the first factor weigh[s] in favor of Plaintiff, albeit slightly") (citation omitted); see also Readick v. Avis Budget Group, Inc., No. 12-CV-3988-PGG, 2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) ("Courts are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with [his] case.").

As to the second factor, Defendant asserts that it will suffer prejudice because it "will be forced to expend time and financial resources defending a putative class action, which may very well . . . be nullified. Plaintiff will inevitably seek discovery, which will require Levi's to reveal its business and proprietary information[.]" (Def. Mem. at 19.) Defendant argues that discovery "will require Levi's to reveal its business and proprietary information, and to the extent Plaintiff seeks information concerning putative plaintiffs, the private information of third-parties." Id. Plaintiff argues that "[d]iscovery in this case will largely consist of Plaintiff's job duties and Defendant's payroll data over the class period" (Pl. Mem. at 25), a contention to which Defendant does not respond in its reply. Given the relatively simple nature of this case,

the Court is not persuaded that being required to engage in discovery would be unduly burdensome to Defendant, or that any prejudice to Defendant would outweigh the prejudice to Plaintiff caused by a delay in proceedings.  See Greystone CDE, LLC v. Santa Fe Pointe L.P., No. 07-CV-8377-RPP, 2008 WL 482291, at *2 (S.D.N.Y. Feb. 20, 2008) (denying a stay where "granting a stay would prejudice Plaintiff more than allowing the case to proceed would prejudice Defendants") (citations omitted).

Defendant is certainly correct that, should the Grant court reach a decision contrary to that of Vega, that holding would be relevant to the Court's assessment of how the Court of Appeals is likely to rule on the issue.  However, even should such a best-case scenario for Defendant come to pass, the Court would then be presented only with conflicting guidance as to how to project the likely determination of the Court of Appeals, meaning that such a result need not lead to the dismissal of Plaintiff's claim.  See U.S. v. Town of Oyster Bay, 66 F. Supp. 285, 292 (E.D.N.Y. Dec. 5, 2014) (finding no prejudice in denying a stay to defendant where, even if the concurrent case were to be decided in defendant's favor, plaintiff's claim "may still be viable").  While the Court concurs with the authority cited by Defendant in its desire to "hear[] from the Court of Appeals on the issue of a private right of action," (Def. Mem. at 10.), Defendant does not propose a stay pending an appeal to that court.  As in Oyster Bay, the Court finds that "staying the action would merely delay litigation and likely result in greater inefficiencies to the Court and litigants."  66 F. Supp. 3d at 293 (quoting Laumann v. Nat'l Hockey League, No. 12-CV-1817-SAS, 2013 WL 837640, at *3 (S.D.N.Y. Mar. 6, 2013)).

Therefore, the Court, in its discretion, finds that a stay of the proceedings would not serve the interests of fairness or efficiency, and Defendant's request for a stay is denied.[4]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss and, in the alternative, to stay proceedings, is denied in its entirety. Defendant's letter motion requesting a stay of Defendant's motion to dismiss is also denied. This order resolves docket entry nos. 20 and 41.

SO ORDERED.

Dated: May 22, 2023
    New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] The Court has considered the remaining Koppel factors, and finds that they do not weigh in favor of a stay.