USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

Patrick Rankine, individually and on behalf of all others similarly situated,

                Plaintiff(s),

        -against-

Levi Strauss & Co.,

                Defendant(s).

------------------------------------------x

No. 1:22-cv-03362 (LTS) (SDA)

*Revised: April 22, 2021*

## REPORT OF RULE 26(f) MEETING AND ~~PROPOSED~~ CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on <u>June 20, 2023</u> and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

<u>Plaintiff:</u>

Patrick Rankine ("Rankine" or "Plaintiff") brings this putative class action against Levi Strauss & Co. ("Levi's" or "Defendant") on behalf of himself and other Levi's "employees in the State of New York that engage in manual work in the course of their employment," asserting claims under the New York Labor Law (the "NYLL"), Art. 6, section 191 ("Section 191"). (Docket entry no. 1 ("First Amended Complaint" or "FAC").) Specifically, Plaintiff alleges Defendant violated Section 191 by paying him and others similarly situated biweekly, rather than once a week, and seeks liquidated damages.

<u>Defendant:</u>

Levi's Only Stores, Inc. ("Levi's") believes that Plaintiff's Section 191 claims lack merit insofar as: (i) there is no private right of action; (ii) Plaintiff lacks standing to pursue a Section 191 claim; (iii) the measure of damages sought by Plaintiff is inappropriate; (iv) Plaintiff does not qualify as a "manual worker" within the meaning of Section 191; and (v) class certification is inappropriate as to the putative class defined by Plaintiff as well as any subclass.

2. **Basis of Subject Matter Jurisdiction:**

This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.  Levi's reserves the right to argue that subject matter jurisdiction pursuant to CAFA is inappropriate if further discovery reveals the amount in controversy to be less than $5,000,000.

*Revised: April 22, 2021*

3. **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>

Plaintiff anticipates seeking discovery on the number, job duties, and payroll information of Defendant's non-exempt, hourly paid employees within the State of New York over the Class Period.

<u>Defendant:</u>

Levi's intends to seek discovery concerning Plaintiff's job responsibilities and the purported harm Plaintiff contends he suffered by virtue of being paid his wages in full, albeit on a delayed basis in certain circumstances. Levi's also intends to seek discovery informing the impropriety of class certification.

4. **Initial Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Plaintiff(s) on <u>July 21, 2023</u>. In addition, on <u>July 28, 2023</u>, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Defendant(s) on <u>July 21, 2023</u>.  In addition, on <u>August 25, 2023</u>, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by <u>February 23, 2024</u>.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

Revised: April 22, 2021

provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

    i.    <u>Depositions</u>: Depositions shall be completed by <u>February 23, 2024</u> and limited to no more than <u>ten (10)</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>August 11, 2023</u>. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before <u>August 11, 2023</u>.

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged no later than <u>August 11, 2023</u> and responses shall be due 30 days thereafter, subject to any interim agreements among the Parties. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

    At this time, the parties are not aware of any anticipated discovery disputes.

7. **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? <u>No.</u>

    b.    Last date to amend the Complaint: <u>August 18, 2023.</u>

Revised: April 22, 2021

8. **Expert Witness Disclosures**

At this time, the parties do / **do not** (circle one) anticipate utilizing experts.  Expert discovery shall be completed by:  n/a.

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery?  Yes.

   b. Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place?  n/a.

   c. Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

   Yes _____    No X.

   d. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   Not at this time.

10. **Anticipated Motions**

Plaintiff anticipates moving for class certification at the close of fact discovery.  Defendant anticipates moving for summary judgment at the close of fact discovery.

11. **Early Settlement or Resolution**

The parties **have** / have not (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than August 25, 2023.  The following information is needed before settlement can be discussed:

Plaintiff needs payroll data reflecting Defendant's non-exempt hourly paid employees within New York over the Class Period.

Revised: April 22, 2021

12. **Trial**

    a. The parties anticipate that this case will be ready for trial by <u>120 days after a ruling on Plaintiff's motion for class certification and Defendant's motion for summary judgment</u>.

    b. The parties anticipate that the trial of this case will require <u>5-7</u> days.

    c. The parties do / **(do not)** (circle one) consent to a trial before a Magistrate Judge at this time.

    d. The parties request a **(jury)** / bench (circle one) trial.

13. **Other Matters**

    The parties are not aware of any other matters to bring to the Court's attention at this time.

Respectfully submitted this <u>17th</u> day of <u>July, 2023</u>.

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

/s/ Yitzchak Kopel                                           /s/ Brian Murphy

ENDORSEMENT: The parties' proposed case management plan is approved. In addition, the parties shall file a joint letter regarding the status of discovery on September 27, 2023. SO ORDERED.
Dated: July 24, 2023